IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01897-PAB

ANDRE STRAWN,

    Applicant,

v.

JEFF LONG, Warden, Sterling Correctional Facility,
DEAN WILLIAMS, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

**ORDER TO DISMISS IN PART, FOR ANSWER, AND FOR STATE COURT RECORD**
_____

    Applicant, Andre Strawn, is in the custody of the Colorado Department of Corrections at the Correctional Facility in Sterling, Colorado.  Mr. Strawn initiated this action on July 13, 2021, by filing *pro se* an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Docket No. 1.  Mr. Strawn challenges the validity of the convictions and sentence imposed in the District Court of Arapahoe County, Colorado, Case No. 10CR2054.

    In a July 14, 2021 Order, Docket No. 3, Magistrate Judge Gordon P. Gallagher directed Respondents to file a pre-answer response addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A).  Respondents submitted a Pre-Answer Response, Docket No. 7, on August 4, 2021.  Applicant filed a Reply, Docket No. 8, on August 25, 2021.

1

Mr. Strawn's filings are construed liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. For the reasons discussed below, this action will be dismissed in part.

## I. Background and State Court Proceedings

In January 2012, Mr. Strawn was convicted by a jury of second degree kidnapping, sexual assault, sexual assault of a child (position of trust), and felony menacing. Docket No. 1, at p. 2. He was sentenced to an aggregate 48-year prison term. *Id.* The Colorado Court of Appeals affirmed Mr. Strawn's convictions and sentence in *People v. Andre Cordell Strawn* (*Strawn I*), No. 12CA1070 (Colo. App. Oct. 23, 2014) (unpublished), Docket No. 7-1. Mr. Strawn's petition for certiorari review was denied by the Colorado Supreme Court on December 7, 2015, Docket No. 7-3.

On August 10, 2016, Mr. Strawn filed a motion for post-conviction relief pursuant to Colo. Crim P. 35(c), Docket No. 7-4, which was denied by the state district court in March 2018, Docket No. 7-5. The Colorado Court of Appeals affirmed in *People v. Andre Cordell Strawn* (*Strawn II*), No. 18CA0681 (Colo. App. Nov. 25, 2020) (unpublished), Docket No. 7-6. The Colorado Supreme Court denied Mr. Strawn's petition for certiorari review on May 17, 2021, Docket No. 7-8.

Mr. Strawn filed his federal § 2254 Application on July 13, 2021. He asserts the following claims for relief in the Application:

> (1)(a) Applicant's Fourth Amendment rights were violated when the trial court refused to suppress evidence seized from his apartment during a

warrantless search for which no valid consent was given; and (b) the trial court did not afford him full, fair and reliable evidentiary hearing on his motion to suppress.  Docket No. 1, at pp. 4-7.

(2) Applicant's Fourteenth Amendment due process rights were violated when the trial court denied his challenge for cause to a biased juror.  *Id.* at pp. 7-8.

(3) Applicant's constitutional rights were violated when the prosecutor engaged in misconduct during closing argument and the court failed to issue a curative instruction after sustaining a defense objection.  *Id.* at p. 9.

(4) Applicant's constitutional rights were violated when the trial court failed to correctly instruct the jurors on the asportation element of second degree kidnapping.  *Id.* at pp. 10-11.

(5) Trial counsel was constitutionally ineffective in not preserving an objection to the trial court's failure to hold an evidentiary hearing on Applicant's motion to suppress.  *Id.* at pp. 12-15.

(6) Trial counsel was constitutionally ineffective in failing to object to prosecutorial misconduct during closing argument.  *Id.* at pp. 15-16.

In the Pre-Answer Response, Respondents concede that the Application is timely under the one-year limitation period set forth in 28 U.S.C. § 2244(d).  Docket No. 7, at p. 4.  Respondents further concede that Mr. Strawn exhausted state court remedies for claim 2, part of claim 3, and claims 4 through 6. *Id.* at pp. 9-11.  Respondents argue, however, that claim 1 and part of claim 3 were not exhausted in the state courts and are now procedurally barred in this federal habeas proceeding.  *Id.* at pp. 6-8, 9-10.

## II. Exhaustion and Procedural Default

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's

rights.  See *O'Sullivan v. Boerckel*, 526 U.S. 838, 843 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).   The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts.  See *Castille v. Peoples*, 489 U.S. 346, 351 (1989).   A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. See *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).   Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement.  *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989).   A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies.  See *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

If a habeas petitioner "failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred . . . there is a procedural default. . . . ." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991).   See also *Anderson v. Sirmons*, 476 F.3d 1131, 1139-40 n.7 (10th Cir. 2007) (applying anticipatory procedural bar).   A claim that has been procedurally defaulted in the state courts on an independent and adequate state procedural ground is barred from federal habeas review, unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the federal violation, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.  *Coleman*, 501 U.S. at 750;

*Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007).   A procedural rule is independent if it is based upon state law, rather than federal law.   *Anderson v. Att'y Gen.*, 342 F.3d 1140, 1143 (10th Cir. 2003) (citing *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir.1998).   A state procedural rule is adequate if it was "'firmly established and regularly followed by the time as of which it is to be applied.'"   *Id*. (quoting *Walker v. Att'y Gen.*, 167 F.3d 1339, 1344 (10th Cir.1999)).   The applicant bears the burden of specifically alleging the inadequacy of a state procedural law.   *Fairchild v. Workman*, 579 F.3d 1134, 1143 (10th Cir. 2009).

An applicant's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice.   See *Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

### III. Analysis

#### A. Claim 1

In claim 1, Mr. Strawn asserts that (a) the trial court violated his Fourth Amendment rights by failing to suppress evidence seized from his apartment during a warrantless search for which no valid consent was given; and, (b) he was denied a full, fair and reliable evidentiary hearing on his motion to suppress.   Docket No. 1, at pp. 4-7.

Respondents argue that claim 1(a) was not exhausted in the state courts because on direct appeal Mr. Strawn challenged only the process through which the court made its Fourth Amendment findings, not the correctness of the actual findings.   Docket No. 7, at p. 7.   Respondents further maintain that claim 1(b) was not exhausted

because Applicant presented the claim to the Colorado Court of Appeals as a violation of state, not federal law.   *Id.* at p. 8.

In his opening brief on direct appeal, Mr. Strawn argued that the trial court erred in denying his motion to suppress based on the prosecutor's offer of proof without conducting an evidentiary hearing to which he was entitled pursuant to Colorado law. Docket No. 7-2, at pp. 6-23.   In *Strawn I*, the Colorado Court of Appeals determined that there was no plain error in the trial court's determination of the motion to suppress based solely on the prosecution's offer of proof, to which Applicant did not object. Docket No. 7-1, at p. 7.   The state appellate court further concluded that the trial court did not err in denying Applicant's motion to reconsider the suppression ruling on the day before trial.   *Id.* at pp. 7-9.   In *Strawn II*, the Colorado Court of Appeals further observed, in addressing Applicant's claim that trial counsel was ineffective in litigating the motion to suppress, that "defendant has never argued that the prosecution's 'uncontested offer of proof' . . . was incorrect."   Docket No. 7-7, at p. 9.

The Court agrees with Respondents that Mr. Strawn did not present the Fourth Amendment issue raised in claim 1(a) to the Colorado Court of Appeals.   Further, Applicant raised claim 1(b) in the Colorado Court of Appeals as an issue of state law only, and the state appellate court resolved it on state law grounds.   *See* Docket No. 7-1, at pp. 5-9.   The Court thus finds that Mr. Strawn failed to exhaust available state court remedies for claims 1(a) and 1(b).

Respondents argue that the unexhausted federal claims are subject to an anticipatory procedural bar because if Mr. Strawn attempted to raise the allegations in a

new state post-conviction motion, the motion would be denied summarily pursuant to Colo. R. Crim. P. 35(c)(3)(VII), which bars a claim that could have been raised in a prior appeal or postconviction proceeding. Respondents further maintain that the new claim would also be barred under Colorado's three-year statute of limitations on postconviction collateral attacks—Colo. Rev. Stat. ("C.R.S.") § 16-5-402(1).

The Tenth Circuit has recognized that Colo. Crim. P. Rule 35(c)(3)(VII) and § 16-5-402(1), C.R.S., are adequate and independent state procedural rules. *See Ellis v. Raemisch,* 872 F.3d 1064, 1093 n.7 (10th Cir. 2017) (proceeding "on the assumption that the provisions of Rule 35(c)(3)(VII) at issue here satisfy the independence and adequacy criteria"); *Gonzales v. Hartley*, No. 10-1250, 396 F. App'x. 506, 508 (10th Cir. 2010) (unpublished) ("Because Colorado law now prevents him from presenting these claims, see Colo. R. Crim. P. 35(c)(3)(VII), all of Mr. Gonzales's current objections are procedurally defaulted."); *Klein v. Neal*, 45 F.3d 1395, 1398-99 (10th Cir. 1995) (three-year limitations period contained in § 16-5-402(1) is an adequate and independent state procedural bar).

The Court finds that the unexhausted allegations in claim 1 are procedurally barred. Mr. Strawn does not allege any facts in his Application or the Reply to meet the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default. *See Coleman*, 501 U.S. at 750. Therefore, claim 1 will be dismissed in its entirety.

### B. Claim 3

In claim 3, Mr. Strawn asserts that his constitutional rights were violated when the prosecutor engaged in misconduct during closing argument and the trial court failed to issue a curative instruction after sustaining a defense objection. Docket No. 1, at p. 9. Respondents contend that Applicant procedurally defaulted the portion of claim 3 concerning the trial court's failure to issue a curative instruction.

In his opening brief on direct appeal, Mr. Strawn argued that after the prosecutor made an improper burden-shifting remark in rebuttal closing argument, the trial court sustained defense counsel's objection, but did not give a curative instruction to the jury. Docket No. 7-2 at p. 31. Applicant then argued that the prosecutor proceeded to make additional comments that shifted the burden of proof and improperly commented on his right to remain silent, but the trial court "never gave the jury any sort of cautionary instruction with respect to the prosecutor's remarks." *Id.* at p. 34.

In *Strawn I*, the Colorado Court of Appeals stated:

> On appeal, Strawn repeatedly notes that the trial court did not issue a curative instruction after it had sustained Strawn's objection to the prosecutor's initial statement in rebuttal closing argument. Strawn, however, offered no substantive argument on this point. Accordingly, we will not address it. *Barnett v. Elite Props. of Am., Inc.*, 252 P.3d 14, 19 (Colo. App. 2010) (noting that the appellate court would not consider a bald legal proposition presented without argument or development).

Docket No. 7-1, at p. 22.

The state appellate court's decision not to address an issue raised by Applicant in his opening brief was based on an adequate and independent state procedural rule. *See People v. Houser*, 490 P.3d 863, 870 (Colo. App. 2020) (declining to address

argument that was presented "as a bald legal proposition," citing *Barnett*); *People v. Simpson*, 93 P.3d 551, 555 (Colo. App. 2003) ("We decline to consider a bald legal proposition presented without argument or development...."); *People v. Rodriguez*, 914 P.2d 230, 255 n. 24 (Colo.1996) (declining to review an appellate argument that was "unsupported with facts, record cites, or case law," citing *People v. Diefenderfer*, 784 P.2d 741, 752 (Colo.1989)) (recognizing the duty of an appealing party to inform reviewing court as to specific error relied on and the grounds, supporting facts, and authorities therefor)); *People v. Parrish*, 879 P.2d 453, 457-58 (Colo.App.1994) (claims not raised with specificity will not be considered on appeal).

The Court finds that Mr. Strawn procedurally defaulted the portion of claim 3 challenging the trial court's failure to issue a curative instruction. Further, Applicant has not met the cause and prejudice standard or the fundamental miscarriage of justice exception to excuse his procedural default. Therefore, part of claim 3 will be dismissed.

**IV. Orders**

For the reasons discussed above, it is

ORDERED that claim 1 and part of claim 3 (challenging the trial court's failure to issue a curative instruction) are DISMISSED WITH PREJUDICE as procedurally barred. It is further

ORDERED that within thirty (30) days from the date of this Order, Respondents shall file with the Clerk of the Court, in electronic format if available, a copy of the complete record of Applicant's state court proceedings in Arapahoe County District

Court case number 10CR2054, including all documents in the state court file and transcripts of all proceedings conducted in the state court, including physical evidence that is relevant to the asserted claims.   It is further

ORDERED that within thirty (30) days from the date the state court record is filed, Respondents shall file an Answer that fully addresses the merits of claim 2, claim 3 (prosecutorial misconduct), and claims 4 through 6.   It is further

ORDERED that Mr. Strawn may file a Reply within thirty (30) days from the date that Respondents file their Answer.   It is further

ORDERED that the Clerk of the Court is directed to send copies of this Order to the following:

>	Clerk of the Court
>	Arapahoe County District Court
>	7325 S. Potomac Street
>	Centennial, Colorado 80112
>
>	Office of the State Court Administrator
>	CPR Unit Manager
>	1300 Broadway
>	Suite 1200
>	Denver, CO 80203

DATED this 20th day of September, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

10