IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01897-PAB

ANDRE STRAWN,

    Applicant,

v.

JEFF LONG, Warden, Sterling Correctional Facility,
DEAN WILLIAMS, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

---

# ORDER

---

Applicant, Andre Strawn, has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254.  The matters before the Court are Applicant's Request for Loan of All State Court Records, Transcripts, Physical Evidence [Docket No. 17] and Respondents' Request for Extension of Time to Answer.  [Docket No. 19].

Applicant requests "the State court file and transcripts of all the proceedings conducted in the state court and the physical evidence that will be cit[]ed by this court on review and the Colorado Attorney General office to determine the errors in this matter."  Docket No. 17 at 3.  The motion will be denied.

Under 28 U.S.C. § 2250, "[i]f on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may

be required by order of the judge before whom the application is pending." This statute does not apply to Applicant because he has not been granted leave to proceed *in forma pauperis*; he has paid the $5.00 filing fee. See Docket No. 1.

Even if the statute applies, a habeas petitioner must first make a specific showing of need to obtain a copy of the record. See *Hines v. Baker*, 422 F.2d 1002, 1006 at n.9 (10th Cir. 1970) (collecting cases); *see also Humphreys v. U.S. Parole Comm'n*, 977 F.2d 595 (10th Cir. 1991) (unpublished) (affirming district court's denial of habeas petitioner's motion seeking copies of records because the motion failed to include "a showing of need for copies of the documents"). A § 2254 petitioner "does not have a constitutional right to access a free transcript in order to search for error." *Ruark v. Gunter*, 958 F.2d 318, 319 (10th Cir. 1992) (citing *Hines*, 422 F.2d at 1006-07).

Applicant makes vague allegations that he needs the state court transcripts in order to cite the "errors" upon which his due process and ineffective assistance of counsel claims are premised. Docket No. 17 at 5. "A habeas proceeding is not a fishing expedition." *See Teti v. Bender*, 507 F.3d 50, 60 (1st Cir. 2007). Applicant fails to explain why a copy of the state court record is necessary to establish that he is entitled to federal habeas relief. "The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) requires a prisoner who challenges (in a federal habeas court) a matter 'adjudicated on the merits in State court' to show that the relevant state-court 'decision' (1) 'was contrary to, or involved an unreasonable application of, clearly established Federal law,' or (2) 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Wilson v. Sellers*, 138 S. Ct. 1188, 1191 (2018) (citing 28 U.S.C. § 2254(d)).

Finally, to the extent Applicant requests discovery under Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts, Docket No. 17 at 3, the requisite showings have not been made.  Leave of court is required for discovery, which is available upon a showing of good cause. Discovery requests must be accompanied, too, by the proposed interrogatories and requests for admission, or a specific list of the documents sought.  *See* Habeas Rule 6(b).  Applicant's request for discovery fails to show good cause, fails to include any proposed interrogatories or requests for admission, and fails to specify the documents sought.

For these reasons, it is

ORDERED that Applicant's Request for Loan of All State Court Records, Transcripts, Physical Evidence [Docket No. 17] is DENIED.  It is further

ORDERED that Respondents Request for Extension of Time to Answer [Docket No. 19] is GRANTED for good cause shown.  Respondents shall file an Answer to the § 2254 Application on or before December 20, 2021.  It is further

ORDERED that Applicant may file a Reply within 30 days after the Answer is filed.

DATED November 17, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge