IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01897-PAB

ANDRE STRAWN,

    Applicant,

v.

JEFF LONG, Warden, Sterling Correctional Facility,
DEAN WILLIAMS, Executive Director, Colorado Department of Corrections, and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.
_____

ORDER DENYING MOTION FOR RECONSIDERATION
_____

    This matter is before the Court on Applicant's *pro se* filing on August 22, 2022 [Docket No. 29], in which he asks the Court for "clarification" of the August 9, 2022 Order dismissing this action. The Court must construe the document liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Because Applicant's August 22 filing challenges the dismissal of his claims for habeas corpus relief, the document will be construed liberally as a motion for reconsideration.

    A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within 28 days

after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to reconsider filed more than 28 days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Applicant's motion for reconsideration was filed less than 28 days after a final judgment dismissing this action was entered on August 9, 2022. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

A motion to reconsider may be granted when the court has misapprehended the facts, a party's position, or the law. *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Specific grounds for reconsideration under Fed. R. Civ. P. 59(e) include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Id*. (citing *Brumark Corp.v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)). A motion to reconsider should not be used to revisit issues already addressed or advance arguments that could have been raised earlier. *Servants of Paraclete*, 204 F.3d at 1012.

In the motion for reconsideration, Applicant raises arguments similar to those he asserted in support of his § 2254 Application, which were considered and rejected by the Court in the August 9, 2022 Order Denying Application for Writ of Habeas Corpus. Docket No. 27. The Court will not revisit those allegations here. Applicant's bare and unsupported assertion that the Court improperly applied the standards of 28 U.S.C.

§ 2254(d)(1) and (2) to his claims for relief is insufficient to warrant reconsideration of the dismissal order.

Applicant also asserts that the undersigned should have recused himself from this action because the dismissal order and failure to afford Mr. Strawn an opportunity to file an "objection" to the same "show some type of bias." *Id.* at 2, 5.

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). Under § 455, the Court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Glass v. Pfeffer*, 849 F.2d 1261, 1268 (10th Cir. 1988) (internal quotation marks and citation omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993).

Applicant does not allege any facts or circumstances to establish an inference of bias or prejudice against him. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also United States v. Mendoza*, 468 F.3d 1256, 1262 (10th Cir. 2006) ("Unfavorable judicial rulings do not in themselves call into question the impartiality of a judge."). Moreover, Applicant's assertion that he was not allowed to file an "objection" to the dismissal order does not support a finding of bias. Nothing prevents Applicant from

filing a notice of appeal of the August 9, 2022 Order and Judgment and seeking a certificate of appealability from the Tenth Circuit Court of Appeals.

Upon consideration of the motion and the entire file, the Court finds that Applicant has failed to demonstrate a reason why the Court should reconsider and vacate the order dismissing this action. Accordingly, it is

ORDERED that Applicant's August 22, 2022 filing [Docket No. 29], which the Court has construed liberally as a motion for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, is DENIED.

DATED August 31, 2022.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

4